**SHOU MOU CHEN, Qing Lin, Petitioners,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5767–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Shou Mou Chen and Qing Lin, Monterey Park, CA, pro se.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, Kevin J. Conway, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Shou Mou Chen and Qing Lin, both natives and citizens of the People's Republic of China, seek review of a November 27, 2007 order of the BIA denying their

motion to reopen their removal proceedings. *In re Shou Mou Chen, Qing Lin,* Nos. A77 569 416/417 (B.I.A. Nov. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely where it was filed more than three years after the BIA's April 2002 decision dismissing their appeal from the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, we conclude that the BIA did not abuse its discretion in finding that Petitioners failed to establish materially "changed circumstances arising in the country of nationality."[1] *See id.* The BIA properly found that the birth of Petitioner's children did not suffice to show such changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006) (finding that the birth of children in the United States does not constitute changed circumstances in the country of nationality). As the BIA found, Petitioners failed to identify any evidence indicating that there is a policy of forced sterilization in their local area. With respect to Chen's affidavit and his father's letter, the BIA did not err in declining to accord those documents significant weight where Chen's affidavit was not based on his personal knowledge, and his father's letter was an unsworn statement. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006). Even taking them as true, neither indicates that family planning officials threatened to forcibly sterilize the Petitioners or that there was a general policy of forced sterilization in their local area.

Finally, Petitioners' reference to the evidence discussed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), is unavailing where they did not submit that evidence with their motion to reopen. *See* 8 U.S.C. § 1252(b)(4)(A). As we have held, remand for agency consideration of documents not in the record is inappropriate where "agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

---

1. That finding is dispositive of Chen and Lin's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Therefore, we need not reach their challenge to the BIA's discretionary denial of their motion to reopen as to Chen based on the fugitive disentitlement doctrine. *Cf. Qian Gao v. Gonzales,* 481 F.3d 173, 176 (2d Cir.2007), *certiorari denied by Qian Gao v. Mukasey,* —— U.S. ——, 128 S.Ct. 959, 169 L.Ed.2d 724 (2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.